UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY SCARANO | Case Number |
| Plaintiff | |
| | CIVIL COMPLAINT |
| vs. | |
| NCO FINANCIAL SYSTEMS, INC. | JURY TRIAL DEMANDED |
| Defendant | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Anthony Scarano, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.  Plaintiff, Anthony Scarano, (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a principal place of business in this District.

## III. PARTIES

4. Plaintiff, Anthony Scarano is an adult natural person residing at 2121 NW 10 Ter, Cape Coral, FL 33993. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, NCO Financial Systems, Inc., at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of Florida and the Commonwealth of Pennsylvania with its principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Defendant was hired to collect an alleged debt owed to Lee Memorial Hospital and subsequently began contacting Plaintiff several months ago.

8. In or around August 2010, Plaintiff's eighty-four year old mother, Victoria Scarano, received a phone call from an agent of Defendant, "Robert Bradford"

9. "Robert Bradford" told Victoria that she was calling in reference to Sydney Scarano, Plaintiff's ten year old daughter.

10. "Robert Bradford" would not give Victoria any more information about her granddaughter, so Victoria frantically placed a call to Plaintiff, her son.

11. Victoria explained to Plaintiff that she received a phone call from "Robert Bradford" and was told that the call was regarding Plaintiff's daughter, and she immediately relayed the number the phone call came from.

12. Plaintiff was unaware it was Defendant who had contacted his mother until he finally was transferred to an agent of Defendant, "Javier Marino".

13. Despite Plaintiff's concern about his daughter, he quickly realized that Defendant was only attempting to collect a debt and used his daughters name in an effort to reach Plaintiff.

14. "Javier Marino" maintained the position that he knew nothing about the call placed to Plaintiff's mother, and insisted that Plaintiff establish payment arrangements during the phone call.

15. Defendant has reached Plaintiff numerous times prior to the aforementioned phone call, and has also notified him in writing regarding his collection placement, thereby leaving no discernable explanation as to why Plaintiff's mother was contacted other than to harass Plaintiff.

16. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

20. The above paragraphs are hereby incorporated herein by reference.

21. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692b(1):   Contact of Third Party: Failed to identify themselves, or failed to state that collector is confirming or correcting location information

| | | |
|---|---|---|
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692d(2): | Profane language or other abusive language |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against NCO Financial Systems, Inc., for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

V.     **JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues herein.

                                                **Respectfully submitted,**

                                                **WARREN & VULLINGS, LLP**

Date:  September 14, 2010      BY: */s/  Bruce K. Warren BKW4066*
                                                Bruce K. Warren, Esquire
                                                BY: */s/  Brent F. Vullings BFV8435*
                                                Brent F. Vullings, Esquire

                                                Warren & Vullings, LLP
                                                1603 Rhawn Street
                                                Philadelphia, PA  19111
                                                215-745-9800   Fax 215-745-7880
                                                Attorney for Plaintiff